HARRY BELL, TRUSTEE, *vs*. THERON W. TOWNER AND OTHERS.

New Haven Co., Dec. T., 1886. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

A testator gave the residue of his estate to trustees, to hold one third part, with all the income therefrom, for the use of his widow for her life, one third for the use of his son *T* for life and one third for the use of his daughter *M* for life; and after the death of his wife the property given for her use to be held for the use of his son and daughter in equal shares for their lives. Held not to be the intent that there should be three separate trust estates during the life of the wife and two afterwards, but that the whole trust estate should be kept as one entire fund and the income divided equally among the legatees.

[Argued March 11th—decided April 13th, 1887.]

SUIT for the construction of a will; brought to the Superior Court in New Haven County, and reserved for the advice of this court. The case is fully stated in the opinion.

*J. W. Alling*, for the plaintiff.

*J. W. Bristol*, for the defendants.

PARK, C. J. Theron Towner, of the town of New Haven in this state, after making certain dispositions of his property by will, devised and bequeathed all the residue of his estate to his executors in trust for certain purposes, and among them the following:—"And upon the further trust to hold one third part of all the rest and residue of my estate, both real and personal, together with the rents, income and profits thereof, for the proper use and benefit of my wife, Clarissa, during the term of her natural life, the same to be in lieu of dower; one third part thereof for the use of my son, Theron W. Towner, during the term of his natural life; and one third part thereof for the use of my daughter, Mary C. Holly, during the term of her natural life. Upon the decease of my wife, if either of my children shall survive

her, then the property so given for her use for life shall be held by my executors in trust for the proper use and benefit of my said son and daughter in equal shares, for their lives respectively; but if they or either of them shall have deceased, leaving children or other descendants, then equally for the use of the children or other descendants of such deceased son or daughter, such children or other descendants of my children to take *per stirpes* and not *per capita*."

The question at issue between the parties in this case is, whether this provision of the will requires, before the death of the widow, that the residue of the estate shall be divided into three separate trust estates, one for the benefit of the widow, and one each for the benefit of the son and daughter respectively; and after the death of the widow into two separate trust estates, one each for the benefit of the son and daughter; thus causing the needless expense of maintaining more than one trust estate.

We think it is clear, that the testator never contemplated the division of his estate into two or more separate trust estates; although the language used by him is susceptible of such a construction.

Manifestly the great object the testator had in view in this part of his will was, to bequeath all the income from all the residue of his estate to his widow, son and daughter in equal proportions, during the life of the widow, and after her death to divide the same equally among the beneficiaries named in the manner described. This was his purpose, but the mode of accomplishing the object he did not consider sufficiently to, discover that there might be a difference between the income from one third part of the residue of his estate, and one third part of the income from all the residue; and this may account for the ambiguity of his language.

The difference is not manifest, between a holding of all the property for the equal benefit of the widow, son and daughter, and a holding of the separate thirds of the same property for the benefit of each respectively. A holding of all the property would be a holding of all its parts, on the

principle that the greater contains the less. Hence it could be said that a holding of all the property for the equal benefit of all the beneficiaries, would be a holding of the equal parts of the property for the benefit of each beneficiary. But the consideration that should govern the construction of this will is, that the testator intended that the income of the widow, son and daughter, derived from the residue of his estate, should be equal, which would result, and, could result only, from an equal distribution of the income of the entire residue among the beneficiaries. In this way only can the purposes of the will be fully accomplished.

We advise the Superior Court that the trust estate should be held in one entire fund for the purposes of the will.

In this opinion the other judges concurred.