## NATURE OF ESTATE GIVEN TO THREE PERSONS.

Circuit Court of Cuyahoga County.

S. M. NEVILLE ET AL, EXECUTORS, v. EUGENE LUCIEN CARLET AND MARCUS DE LA ROZIERRE, GUARDIAN, ET AL.

Decided, June 26, 1905.

*Wills—Interpretation—Bequest to Trustees for the Benefit of Three Persons in Certain Proportions Creates Only One Estate—Payment of Annuities When Income Insufficient.*

1. Where testator gave the residue of his estate to trustees, to hold one-third part, with all the income therefrom, for the use of his widow for her life, one-third for the use of his son for life, and one-third for the use of his daughter for her life, and after the death of his wife the property given for her use, to be held for the use of his son and daughter in equal shares; *Held*: Not to create separate trust estates but that the whole trust estate should be kept as one entire fund and the income divided among the legatees.

2. Where the income from property upon which an annuity is charged, is for several years insufficient to pay the full amount of the annuity, but in later years leaves a surplus after the payment of the annuity, the annuitant is entitled to have such surplus applied to the satisfaction of deficiencies in the annuity for the years it was not paid in full.

*Olds & Willet,* for plaintiff in error.

*M. B. & H. H. Johnson,* contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

This is an appeal from the court of common pleas in an action to construe a will. Of the questions presented below, only three are again urged here. The last of these questions is premature, and we do not feel justified in undertaking to decide it now. This question is the one relating to the executor's duty when one or more of Amanda M. Neville's children shall die. They are all alive now, and may survive for many years. When the exigency arises, the executor may then confidently seek the assistance of the courts in ascertaining his duties in the premises.

It is now an academic question which we must decline to entertain.

On both the other questions our view accords with that of the court below, as expressed in the learned opinion of Judge Lawrence. We find confirmation of this view on two several decisions not cited by him or by counsel. In *Bell, Trustee,* v. *Towner et al,* 55 Conn., 364, the syllabus is:

"A testator gave the residue of his estate to trustees, to hold one-third part, with all the income therefrom, for the use of his widow for her life, and one-third for the use of his son T for life, and one-third for the use of his daughter. M for life; and after death of his wife the property given for her use, to be held for the use of his son and daughter in equal shares for their lives. Held not to be the intent that there should be three separate trust estates during the life of the wife and two afterwards, but that the whole trust estate should be kept as one entire fund and the income divided equally among the legatees."

We think that case is very much in point with the case before us.

On the other question, *In the Matter of the Judicial Settlement of the Accounts of George W. Chauncey, Trustee, etc.,* 119 N. Y., 77, the syllabus is:

"The will of K gave her residuary estate to her executors in trust, to receive rents, profits and income and after paying therefrom certain specific annuities, among them one of $500 to D, her adopted son, for his support during minority, and $1,000 thereafter during the life of her husband during his life. After his death to pay to D $2,000 per annum during his life. D survived the husband, and for a number of years after the death of the latter the annual income was insufficient to pay the said annuity in full. Subsequently it exceeded that amount. Upon a settlement of the accounts of the trustee, held, that, in the absence of any language in the will showing a different intent, D was entitled to have the surplus applied in the first balance to the satisfaction of deficiences in the annuity for the years it was not paid in full."

There are some cases cited in the opinion of the court in this case, the syllabus of which I have just read, which are, perhaps, even more in point than is this one. but I will not stop to read them now.

Counsel will see that the journal entry is drawn in accordance with the holding of the court below, excepting as to the one question which we find is prematurely presented here.

---

## MORE THAN ONE MOTION FOR A NEW TRIAL.